1

2

3

4                          UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    SUSAN CAROL PLICHCIK,                       Case No.  3:21-cv-05137-JD

8                     Plaintiff,

9              v.                                **ORDER RE SUMMARY JUDGMENT**

10   SAFECO INSURANCE, et al.,

11                    Defendants.

12

13        Pro se plaintiff Susan Carol Plichcik alleges that she lost hundreds of thousands of dollars

14   in personal belongings that were destroyed when her sister's home was burnt to the ground in the

15   devastating and deadly Tubbs Fire in October 2017.  *See* Dkt. No. 1, Exh. A.  Plichcik says she

16   was storing her possessions there.  Plichcik sued defendants Safeco Insurance, Safeco Insurance

17   Company of America, Safeco Insurance Company of Illinois (Safeco), and General Insurance

18   Company of America (General), for breach of contract, misrepresentation, emotional distress,

19   Unruh Act, ADA, and Unfair Competition Law claims, all to the effect that the insurers did not

20   pay benefits she claimed under her homeowners policy.[1]  The complaint looks like it was drafted

21   by an attorney, but Plichcik has acted pro se throughout the litigation.

22        This case has traveled a long and rocky road.  Plichcik has been an elusive, and at times

23   uncooperative, plaintiff even under the generous leeway afforded to pro se litigants.  Among other

24   issues, Plichcik did not respond to multiple discovery and deposition requests, and did not appear

25   at Court hearings without being excused.  *See, e.g.,* Dkt. Nos. 40, 53, 67.  The Court did not

26   sanction or otherwise penalize Plichcik for these shortcomings, even though it would have been

27   _____

28   [1] Defendants do not distinguish between General and Safeco for purposes of summary judgment.
     The Court will follow suit and use General and Safeco interchangeably.

United States District Court
Northern District of California

1   within its discretion to do so.  The Court referred Plichcik to the Federal Pro Bono Project for

2   possible assistance with her claims, and appointed pro bono counsel for a limited engagement to

3   represent her in a settlement conference with a magistrate judge, which did not resolve the case.

4   *See* Dkt. Nos. 24, 28, 30, 36.

5          In the interest of moving this aging case along, the Court directed Safeco and General in

6   July 2023 to file a motion for summary judgment on their defense that Plichcik filed the complaint

7   well after the lapse of a one-year limitations period in her insurance contract.  Dkt. No. 67.  They

8   filed the motion as directed.  Dkt. No. 68.  Plichcik filed an opposition.  Dkt. No. 71.

9          The undisputed facts establish that Plichcik knew her loss claims had been denied as of

10  August 21, 2019, when the insurers sent her a denial letter, and that she did not file this lawsuit

11  until February 1, 2021.  There is no basis for tolling or otherwise excusing the delay.

12  Consequently, summary judgment is granted in favor of defendants.

13         The salient evidence is straightforward.  General, a Safeco company, issued Homeowners

14  Policy Number OM2581913 to Plichcik for the term of August 7, 2017, to August 7, 2018.  Dkt.

15  68-1 at ECF p. 24.  The coverage included Plichcik's personal property "while it is anywhere in

16  the world." *Id*. at ECF p. 39.  Loss of personal property due to fire is expressly covered.  *Id*. at

17  ECF p. 41.  The policy contains a provision stating: "Suit Against Us.  No action shall be brought

18  against us unless there has been compliance with the policy provisions and the action is started

19  within one year after the inception of the loss or damage." *Id*. at ECF p. 48.

20         Plichcik reported her Tubbs Fire loss to General on October 24, 2017.  *Id*. at ECF p. 85.

21  On August 20, 2019, Safeco sent a letter to Plichcik's attorney, Kendall Jarvis, stating that

22  Plichcik had declined to provide receipts and other records to establish the personal property

23  losses, and that her claims were denied.  *Id*. at ECF pp. 89-93.  The letter expressly advised that

24  "the one year suit limitation period began running when your client first became aware that the

25  loss location was damaged by fire.  The time limit ran until she gave notice of the loss to General,

26  and was then tolled until the date of this letter.  With this letter, the suit limitation time is running

27  again." *Id*. at ECF p. 93.  The letter also left the door open to revisiting the claim if Plichcik

28  submitted the personal property information.  *See id*. at ECF p. 92 ("if your client provides

United States District Court
Northern District of California

additional documents or information, General will reassess its decision as appropriate.").

Plichcik initiated this lawsuit by filing a pro se complaint in the Superior Court for the County of Sonoma on February 1, 2021.  Dkt. No. 68-3 at ECF p. 4.[2]  In July 2021, after Plichcik filed an amended complaint, defendants removed the case to this Court on the basis of diversity jurisdiction.  *See* Dkt. No. 1 at 2-3 (citing 28 U.S.C. § 1332(a)(1)).  Plichcik did not challenge removal.

None of these straightforward facts are disputed in any meaningful way by Plichcik.  To the contrary, Plichcik acknowledged in the amended complaint that "In August 2019 Safeco sent a letter to Plaintiffs counsel denying the Claim in full."  Dkt. No. 1, Exh. A ¶ 59.  She also stated in opposition to summary judgment that "I believe the start date for the statue [sic] of limitations is August 19, 2019 as the parties agreed to this date in 2019."  Dkt. No. 71 at 30.  She emphasized that attorney Jarvis "was adamant about the start date when I receive [sic] the denial letter."  *Id.*

These undisputed facts foreclose her claims.  Even giving Plichcik every benefit of the doubt and crediting her with all possible tolling days, as defendants forthrightly propose, *see* Dkt. No. 68 at 11, she filed the original complaint in this case 530 days after receiving the letter denying her claims.  That stretch of time greatly exceeds the one-year (365 day) contractual limitation on initiating litigation in her homeowners policy.

There is no doubt that the contractual provision is enforceable.  The one-year period in Plichcik's policy for suing on fire losses is entirely consistent with California law and "has 'long been recognized as valid in California.'"  *Jang v. State Farm Fire & Cas. Co.*, 80 Cal. App. 4th 1291, 1296 (2000) (quoting *Prudential-LMI Com. Ins. v. Superior Ct.*, 51 Cal. 3d 674, 683 (1990)); *see also Wind Dancer Prod. Grp. v. Walt Disney Pictures*, 10 Cal. App. 5th 56, 76 (2017) (California courts "routinely" enforce contractual limitations provisions "of one year or less.").

---

[2] Defendants ask for judicial notice of the filing date of the complaint.  Court filings and records are appropriate for judicial notice.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  The Court takes judicial notice of the filing of the state court complaint, without any reliance on disputed facts it might contain.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

1    Consequently, Plichcik's lawsuit is untimely.  She has not presented any evidence or other

2    good reason for reaching a different conclusion.  Plichcik offers a variety of ostensible evidentiary

3    objections, but none of them are germane to the undisputed facts that drive the analysis here.

4    Plichcik's main response is to suggest that a variety of tolling theories excuse the delay.

5    They do not.  To start, Plichcik says she submitted a "request for assistance" to the California

6    Department of Insurance that she thought would toll the running of the contractual one-year

7    deadline.  But the form provided by Plichcik is rather ambiguous with respect to whether it is an

8    actual complaint, *see* Dkt. No. 71-3, and nothing else was provided to indicate that any kind of

9    adjudication was undertaken by the Department.  The form is also silent about the tolling of

10   statutory or contractual limitations periods.

11   Plichcik also proposes a couple of pandemic-related measures as another reason for tolling.

12   She cites Emergency Rule 9 (ER 9) issued by the California Judicial Council on April 6, 2020,

13   which tolled the statute of limitations in California civil actions until 90 days after a declaration of

14   the end of pandemic.  *See* Dkt. No. 71-5.  The California Department of Insurance published a

15   notice of ER 9.  *Id*.  The problem for Plichcik is that defendants seek summary judgment based on

16   the contractual terms of the insurance policy, and not on a statutory provision.  *See Withrow v.*

17   *Bache Halsey Stuart Shield, Inc.*, 655 F.3d 1032, 1035 (9th Cir. 2011) (contractual limitation

18   provision is separate from a statute of limitations).  This difference distinguishes this case from

19   Plichcik's reference to *Pumphrey v. Battles*, No. 21-CV-09005-JSC, 2023 WL 1769185 (N.D. Cal.

20   Feb. 3, 2023), which involved a statutory period and so is not germane.

21   Plichcik's reliance on another notice posted by the Insurance Department is equally

22   misplaced.  She cites to an April 3, 2020, notice requesting that insurers "not attempt to enforce

23   policy or statutory deadlines" until 90 days after the end of the pandemic.  Dkt. No. 71-4.  As the

24   plain language of the notice indicates, the intention is purely precatory, not mandatory.  There is

25   no indication that the notice was intended to operate as a binding legal obligation on insurers.  To

26   conclude otherwise would result in the extreme outcome that all claims like Plichcik's and many

27   others were tolled from April 3, 2020, through February 28, 2023, when Governor Newsom

28   terminated the Covid-19 state of emergency.  *See Governor Newsom Marks End of California's*

United States District Court
Northern District of California

1    *COVID-19 State of Emergency* (published Feb. 28, 2023) at https://www.gov.ca.gov/2023/02/28/

2    governor-newsom-marks-end-of-californias-covid-19-state-of-emergency.  As of the date of this

3    order, almost one year to the day after the termination of the state of emergency, there is no

4    evidence of an onslaught of disputes and litigation that certainly would have occurred had the

5    April 2020 notice been a command rather than a request.

6          Plichcik's closing suggestion that equitable tolling may be in play lacks any support in the

7    record.  There is no doubt that Plichcik was not happy with her dealings with defendants, but

8    nothing before the Court indicates that Safeco or General intentionally relinquished their rights

9    under the insurance policy or engaged in conduct that induced Plichcik not to file a lawsuit, or that

10   Plichcik was excusably engaged in pursuing other remedies against them.  *See Prudential-LMI*, 51

11   Cal. 3d at 689-91.  There is also a serious question of whether Plichcik has pursued her claims

12   here in a reasonable and good-faith manner.  The homeowners policy expressly required that

13   Plichcik cooperate with General's investigation of her property loss claims, and provide bills,

14   receipts, inventories, and the like, to document the losses and their replacement costs.  *See* Dkt.

15   No. 68-1 at ECF pp. 91-92.  As discussed, General denied Plichcik's claims because she did not

16   live up to her side of the bargain on this score.  The same problem was recurrent in this case, and

17   on several occasions the Court had to direct Plichcik to provide defendants with the required

18   documentation.  *See, e.g.,* Dkt. No. 67.  The docket does not indicate that Plichcik complied with

19   the directions.

20         The last question is whether all of the claims should be dismissed as untimely.  The answer

21   is yes.  Irrespective of how they were styled in the complaint, all of Plichcik's statutory and

22   common claims are grounded on an alleged failure to pay benefits under the homeowners policy.

23   Consequently, they are all barred by the contractual limitations period.  *See Jang*, 80 Cal. App. 4th

24   at 1301 ("Regardless of whether the insured elects to file a complaint alleging solely tort claims . .

25   . an action seeking damages recoverable under the policy for a risk insured under the policy is

26   merely a 'transparent attempt to recover on the policy.'") (quoting *Abari v. State Farm Fire &*

27   *Cas. Co.*, 205 Cal. App. 3d 530, 536 (1988)); *see also Campanelli v. Allstate Life Ins. Co.*, 322

28   F.3d 1086, 1093 (9th Cir. 2003).

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Court appreciates that Plichcik's experience of the Tubbs Fire was traumatic and deeply unsettling.  Throughout the litigation, the Court has given every benefit of the doubt to Plichcik and her claims.  Even so, her case cannot go forward.  Judgment will be entered separately in favor of defendants.

**IT IS SO ORDERED.**

Dated:  February 8, 2024

_____

JAMES DONATO
United States District Judge

United States District Court
Northern District of California

6